IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| BOBSON KAMARA, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:13-CV-97 CDL-MSH |
| | : | 28 U.S.C. § 2241 |
| ERIC HOLDER, *et. al.*, | : | |
| | : | |
| Respondents. | : | |
| _____ | | |

## REPORT AND RECOMMENDATION

On April 19, 2013, Petitioner Kamara, who is currently in the physical custody of the United States Immigration and Customs Enforcement ("ICE") at the Stewart Detention Center, filed the above-styled action. (ECF No. 1.) In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner, a native of Sierra Leone, alleges that he should be released pursuant to the ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Pet. for Writ of Habeas Corpus 4.) On June 5, 2013, the Court ordered Respondents to file a responsive pleading within sixty days of receipt of the Order. (ECF No. 9.) On July 19, 2013, Respondents filed a Motion to Dismiss Petitioner's claims. (ECF No. 16.) Petitioner filed a response to the motion to dismiss on July 30, 2013, reasserting his *Zadvydas* claim. (ECF No. 18.) Petitioner also filed a Motion to Appoint Counsel. (ECF No. 3.)[1]

---

[1] Because the Court recommends dismissal of Petitioner's application, the Motion to Appoint Counsel should be denied as moot.

## BACKGROUND

Petitioner is currently detained by ICE at the Stewart Detention Center in Lumpkin, Georgia. (ECF No. 1.) Petitioner is a native and citizen of Sierra Leone who was admitted to the United States on January 27, 2000. (Resp'ts' Mem. in Supp. of Mot. to Dismiss 1-2, ECF No. 16-1.) On July 22, 2009, Petitioner was convicted of indecent liberties with a child in the Superior Court of Guilford County, North Carolina. (*Id*.) Removal proceedings were initiated against Petitioner on August 17, 2012, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(A). (*Id*.) Petitioner was ordered removed to Sierra Leone by the immigration judge on October 10, 2012, and he waived appeal. (*Id*.)

Petitioner contends that he is entitled to habeas corpus relief under *Zadvydas* because he has been detained beyond the presumptively reasonable six month period after his administratively final removal order entered on October 10, 2012, and there is no significant likelihood of removal in the reasonably foreseeable future. (Pet.'s Resp. 1.) In response to the Respondents' motion, Petitioner argues only that ICE has requested travel documents but none have been issued and there is no evidence of when they will be issued. (*Id*. at 1-2.)

## DISCUSSION

I. **Standard of Review**

When considering a motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v.*

2

*TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do[.]"  *Id.*  Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## II.     Detention After Final Removal Order

Petitioner's Order of Removal became final on October 10, 2012 when he waived appeal of the immigration judge's decision.  Petitioner's detention by ICE pending removal from the United States is thus governed by section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a).  Under this provision, the Attorney General is afforded a ninety-day period to accomplish an alien's removal from the United States following the entry of a final order of deportation or removal.  8 U.S.C. § 1231(a)(1)(A)-(B).  During the 90-day period, Congress has mandated detention of the alien ordered removed.  8 U.S.C. § 1231(a)(2).

In *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001), the Supreme Court found that section 241(a) of the INA authorizes detention after entry of an administratively final

order of deportation/removal for a period "reasonably necessary" to accomplish the alien's removal from the United States.  The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish an alien's removal.  *Id*. at 701.  The six month presumption does not mean that every detainee not removed within the time period must be released.  To the contrary, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonable foreseeable future.  *Zadvydas*, 533 U.S. at 701.  The Court of Appeals for the Eleventh Circuit has specifically held that to be released pursuant to the ruling in *Zadvydas*, an alien must show: "(1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009) (internal quotation marks and citation omitted).

    Respondents argue that Petitioner's detention is not in violation of the *Zadvydas* holding, and therefore his petition should be dismissed. (Resp'ts' Mem. 5.)  Respondents agree that Petitioner is under post-order detention pursuant to 8 U.S.C. § 1231(a)(6) and therefore, *Zadvydas* applies to Petitioner's situation.  (*Id*.)  Respondents also admit that Petitioner's application was properly timed and filed after the presumptively reasonable period outlined in *Zadvydas*, and that therefore Petitioner has satisfied step one of the analysis. (*Id.*)  Respondents argue, however, that Petitioner has failed to allege sufficient facts demonstrating that his removal is not likely within the reasonably foreseeable

4

future, and therefore cannot support a claim for habeas relief.  (*Id.*)

In support of this argument, Respondents contend that in order to be released pursuant to *Zadvydas*, the Eleventh Circuit requires, an alien to show: "evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Gozo*, 309 F. App'x at 346.  In Respondents' view, Petitioner has not sufficiently alleged facts that could plausibly show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  (Resp'ts' Mem. 6.)

Further, Respondents argue that it is actually likely that Petitioner <u>will</u> be removed within the reasonably foreseeable future, even "imminently."  (*Id.*)  Respondents argue that although some delay has occurred, this was caused by the Sierra Leonean Embassy losing the travel document request, and ICE is in the process of re-submitting that request and "anticipates a travel document in the very near future."[2]  (*Id.*)

Petitioner's only argument in his response to this motion is that "ICE has not satisfied its burden of showing that petitioner is significantly likely to be removed in the reasonably foreseeable future." (Pet.'s Resp. 1.)  This argument misstates the issue at this step in the analysis.  As the Eleventh Circuit made clear in *Gozo*, the <u>petitioner</u> has to show "a good reason to believe that there is no significant likelihood of removal in the

---

[2] The Court notes, however, that at this stage of the litigation the Court does not need to look to Respondent's "evidence" at all.  The question at the motion to dismiss stage is whether Petitioner has alleged sufficient facts to state a plausible claim as to the elements of the cause of action. *Iqbal*, 129 S. Ct. at 1949.  Any factual dispute should be resolved in the Petitioner's favor.  Therefore, Respondent's "evidence" cannot overcome Petitioner's allegations at this point.  However, because the Court believes Petitioner has failed to allege sufficient facts to plausibly state a claim under *Zadvydas*, his application should be dismissed.

5

reasonably foreseeable future" in order to be entitled to habeas relief. 287 F.3d at 1052. Here, Petitioner has not asserted any facts to support such a finding other than the fact that no travel document has yet been issued. (Pet.'s Resp. 1.) The Court finds this insufficient to support a claim for habeas relief under *Zadvydas* and *Gozo*. As such, the Court recommends that Respondents' motion to dismiss be granted, and Petitioner's application for habeas corpus relief be dismissed without prejudice.

## **CONCLUSION**

WHEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 16.) be GRANTED and Petitioner's application for writ of habeas corpus be DISMISSED without prejudice to his right to file a new § 2241 petition in the future if a change in his circumstances occurs. It is further Recommended that Plaintiff's Motion to Appoint Counsel be DENIED as moot. Pursuant to 28 U.S.C. § 636(b)(1), the Respondent may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 10th day of October, 2013.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE